## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATALIA MORENO-WOODS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 11-1314-RDR-KGG |
| | ) |
| T-MOBILE USA, INC., | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

Before the Court are Plaintiffs' Motion to Request Production of Documents (Doc. 6), Motion for Hearing (Doc. 7.), and Amended Petition (Doc. 15), which the Court must treat as a Motion to Amend.

### BACKGROUND

Plaintiff, who is represented *pro se*, filed a Petition in Sedgwick County District Court on September 26, 2011, alleging wrongful termination, apparently stemming from her request for FMLA leave relating to "a severe headache." (Doc. 1-1.) Defendant removed the case to federal court on October 11, 2011. (Doc. 1.) Before Defendant filed its Answer (Doc. 9,) Plaintiff filed her Motion to Request Production of Documents. (Doc. 6.) After Defendant's Answer had been filed,

Plaintiff filed an "Amended Petition," which the Court will consider to be a Motion to Amend. In addition, the District Court recently entered an Order (Doc. 17) denying Plaintiff's Motion to Remand (Doc. 8) the case to Sedgwick County District Court and granting Defendant's Motion to Correct Corporate Name of Defendant (Doc. 11).

## DISCUSSION

**A.     Motion to Request Production of Documents and Motion for Hearing**.

Plaintiff's Motion to Request Production of Documents (Doc. 6) consists of a list of 24 categories of documents (numbered 28 - 51) she is seeking from Defendant. (*See* Doc. 6.) Plaintiff contends that Defendant "has the possession, custody, or control of each of the . . . documents and objects. Each of these items constitutes or contains evidence relevant and material to a matter involved in this action." (*Id*., at 3.)

Defendant responds that Plaintiff's motion is improper for two reasons. First, Defendant argues that the motion is actually a discovery request pursuant to Fed.R.Civ.P. 34. (Doc. 12, at 1.) Second, Defendant contends that the requests are premature because the parties have yet to confer pursuant to Fed.R.Civ.P. 26(f).

Defendant is correct on both counts. Before requesting the Court order Defendant to produce discoverable information, Plaintiff must first avail herself of

the discovery techniques allowed by the Federal Rules.  (*See e.g.*, Fed.R.Civ.P. 30, 31, 33, 34, 36.)  Also, the parties have not engaged in their Rule 26(f) conference.  As such, even if the Court were to consider the motion as a discovery request rather than a motion, it would be premature.  Plaintiff's motion (Doc. 6) is **DENIED**.  As a result, Plaintiff's Motion for Hearing (Doc. 7) is also **DENIED**.

The Court specifically states, however, that in so ruling it is not reaching any conclusions regarding the appropriateness or underlying discoverability of any of Plaintiff's requests.  In the interest of efficiency and in light of Plaintiff's *pro se* status, it is Ordered that Plaintiff's "Motion to Request Production of Documents" be treated by the parties as a Request for Production of Documents pursuant to Fed.R.Civ.P. 34, with service on Defendant effective on the date of the parties' Rule 26(f) conference.  Defendant's time to respond pursuant to the federal rules will begin to run on that date.  Should the parties have ongoing disputes as a result of any such properly served discovery requests, the Court will entertain the appropriate motions at that time.

**B.    Amended Petition**.

On November 10, 2011, Plaintiff filed her "Amended Petition"[1] in federal court to include the correct name of the Defendant and add additional allegations. (*See generally*, Doc. 15.)  Plaintiff did not, however, file the requisite Motion to Amend.  Fed.R.Civ.P. 7, 15(a).  As such, Plaintiff's Amended Petition (Doc. 15) has been designated in the Court's docketing system as a Motion to Amend.

Defendant did not respond to Plaintiff's motion and the time to do so has expired.  D. Kan. Rule 6.1(d)(1).  As such, Plaintiff's motion is **GRANTED** as uncontested pursuant to D. Kan. Rule 7.4.  The Clerk is directed to file Plaintiff's "Amended Petition" (Doc. 15) as her new Amended Complaint with a separate docket entry.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of November, 2011.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge

---

[1]  The Court clarifies that Plaintiff's case was initially filed in Sedgwick County District Court.  Thus, her pleading was referred to as a "Petition" as opposed to a "Complaint."  (*See* Fed.R.Civ.P. 3.)