IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

NATALIA MORENO-WOODS,

        Plaintiff,

vs.                     **Case No. 11-1314-RDR**

T-MOBILE USA, INC.

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed a <u>pro se</u> petition in state court which was removed to this court. Plaintiff later filed an amended complaint. This case is now before the court upon defendant's motion to dismiss the amended complaint under FED.R.CIV.P. 12(b)(6). Doc. No. 30.

<u>Allegations in the amended complaint</u>

The amended complaint (Doc. No. 20) asserts: that plaintiff was hired by defendant on or about September 26, 2005; that plaintiff suffers from debilitating migraine headaches; that plaintiff performed her work well for six years, but plaintiff was fired on or after March 23, 2011 because she became disabled due to the headaches and defendant refused to make an accommodation for this serious health condition. The amended complaint further alleges that plaintiff had an implied contract of employment with defendant and that plaintiff's "acceptance of the company handbook was [in] the nature of [an] implied contract." ¶ 12 of the amended

complaint. Plaintiff also asserts in the amended complaint that defendant is liable "for defamation, interference with economically advantageous relationships, and breach of the covenant of good faith and fair dealing." Id. at ¶ 11.

Standards governing motions to dismiss

The standards governing a Rule 12(b)(6) motion are as follows. The court accepts the factual allegations in the amended complaint as true and draws reasonable inferences in favor of plaintiff. Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." Twombley, 550 U.S. at 570. "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "The plausibility

2

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

### Standards for pro se pleadings

The court is cognizant that plaintiff is proceeding pro se and, therefore, her pleadings are entitled to a liberal interpretation. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

> [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him should be allowed to amend his complaint . . . . Nevertheless, conclusory allegations without supporting allegations are insufficient to state a claim.

Id. (interior citations omitted). "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977).

Rulings upon arguments presented in the motion to dismiss

Defendant contends in its motion to dismiss that plaintiff is not bringing a statutory claim for relief and that she fails to state a claim for relief under Kansas common law.  Plaintiff does not dispute the first part of this argument.  She has agreed in a case planning conference report that she is not bringing a claim under the Family and Medical Leave Act, and her complaint does not allege a claim under the Americans with Disabilities Act or suggest the exhaustion of administrative remedies for such a claim.

As for plaintiff's Kansas common law claims, defendant argues that plaintiff has not alleged facts which establish a plausible claim of defamation, tortious interference with a business relationship, or breach of good faith and fair dealing.  In connection to the breach of good faith claim, defendant asserts that plaintiff "has not set out any facts to indicate that her employment relationship with T-Mobile was anything other than at-will, nor has she pointed to the existence of a potentially enforceable contract or the elements of its breach."  Doc. No. 30 at pp. 6-7.

In response to the motion to dismiss, plaintiff contends that she has not received the information she has requested in discovery.  As noted earlier in this order, however, the standards for assessing a Rule 12(b)(6) motion concern the adequacy of plaintiff's allegations in the amended complaint, not the factual

4

evidence for those allegations. While it is important that plaintiff have a reasonable basis to support whatever facts <u>are</u> alleged in the amended complaint, when the court assesses a Rule 12(b)(6) motion the court is solely concerned with the factual and legal allegations in the amended complaint, not the evidence to support those allegations. Therefore, the failure to receive requested information does not excuse the absence of factual allegations necessary to state a plausible legal claim in the amended complaint.[1]

The court agrees with the substance of defendant's motion to dismiss as it pertains to plaintiff's common law claims. As regards the tort of defamation, it is necessary that plaintiff plead facts establishing that it is plausible that she could prove that defendant communicated false and defamatory words to a third person which resulted in harm to plaintiff's reputation. See <u>Davis v. Hildyard</u>, 113 P.3d 827, 832 (Kan.App. 2005) (summarizing the elements of defamation). The amended complaint fails to state such facts.

As for plaintiff's tortious interference claim, plaintiff

---

[1] Plaintiff also notes in her response to the motion to dismiss that the date on the certificate of service for the motion to dismiss lists the wrong year, 2011 instead of 2012. Courts frequently overlook typographical errors in all sorts of situations. E.g., <u>Lorenzo v. Mukasey</u>, 508 F.3d 1278, 1282 (10th Cir. 2007)(rejecting an argument predicated upon what was "clearly a typographical error"). Obviously, a typographical error regarding a date in the certificate of service provides no good cause to reject the legal arguments in the motion to dismiss.

cannot state a claim for tortious interference with an employment contract if the party allegedly interfering with the contract is a party to the contract. See <u>Johnson v. Wefald</u>, 766 F.Supp. 977, 984 (D.Kan. 1991) (cannot sue persons for interfering with employment contract when they were acting on behalf of the employer); <u>Fletcher v. Wesley Medical Center</u>, 585 F.Supp. 1260, 1262 (D.Kan. 1984) (employer cannot be brought to task for interfering with its own relations vis-a-vis its employees).

Finally, with regard to plaintiff's claim for breach of good faith and fair dealing or any claim of implied contract, again plaintiff fails to allege facts which set forth a plausible action. This boils down to whether plaintiff has sufficiently alleged that she had an implied contract of employment and was not an at-will employee. As defendant has cited, under Kansas law the duty of good faith and fair dealing in contracts is not applicable to employment-at-will contracts. <u>Morriss v. Coleman Co., Inc.</u>, 738 P.2d 841, 851 (Kan. 1987); see also, <u>Richardson v. Fowler Envelope Co.</u>, 288 F.Supp.2d 1215, 1223 (D.Kan. 2003). Kansas generally follows the employment-at-will doctrine; thus "in the absence of an express or implied contract between an employee and employer regarding the duration of employment, either party is free to end the employment at any time for any reason." <u>Palmer v. Brown</u>, 752 P.2d 685, 687 (Kan. 1988).

The amended complaint in this case merely alleges that during

6

the interview process "it was implied to the Plaintiff that she would have continued employment based upon Plaintiff's compliance with company procedures and policy" and that there was a company handbook.  Doc. No. 20 ¶¶ 10 & 12.  These are general allegations which do not permit the court to infer that plaintiff has a plausible claim of an implied contract.  The fact that there was a company handbook does not warrant an inference that there was an implied or express contract for employment for a particular period of time or for as long as plaintiff performed her job well.  Likewise, the allegation that it was "implied" to plaintiff that her continued employment would be based upon compliance with company procedures and policies is so general that the court cannot infer that plaintiff could establish that statements were made during her interview which created a contract for a fixed period or demonstrated something other than at-will employment.

Plaintiff does not allege what exactly was said by defendant to create an implied contract.

> Where it is alleged that an employment contract is one to be based upon the theory of "implied in fact," the understanding and intent of the parties is to be ascertained from several factors which include written or oral negotiations, the conduct of the parties from the commencement of the employment relationship, the usages of the business, the situation and objective of the parties giving rise to the relationship, the nature of the employment, and any other circumstances surrounding the employment relationship which would tend to explain or make clear the intention of the parties at the time said employment commenced.

Morriss, 738 P.2d at 848-49.  "A reasonable person must be able to

7

find from all relevant circumstances of the plaintiff's employment that there was an intent on both sides to be bound." <u>Panis v. Mission Hills Bank</u>, 60 F.3d 1486, 1492 (10th Cir. 1995) <u>cert. denied</u>, 516 U.S. 1160 (1996). Summary judgment against an implied contract claim has been affirmed when a plaintiff could not point to any specific action or communication directed from an employer that indicated an intent to enter into an implied-in-fact contract. <u>Id</u>. at 1492-93. Here, although the court is simply looking at the allegations in the amended complaint and not examining a summary judgment record, the absence of any specific allegations regarding the job negotiations or other relevant facts prevents the court from inferring from the amended complaint that there was an implied contract regarding the duration of employment. See <u>Cooper v. Home Depot</u>, 2011 WL 2470357 *5-6 (D.Kan. 6/20/2011) (dismissing breach of implied contract claim where plaintiff only alleged a progressive discipline policy in employment manual and a statement from his supervisor that if he "kept it professional" he would not be terminated). Furthermore, plaintiff's allegation that a contract can be "implied" from the interview process is a legal conclusion which the court is not bound to accept when evaluating her complaint against a Rule 12(b)(6) motion.

<u>Conclusion</u>

On the basis of the above-stated analysis, the court shall grant defendant's motion to dismiss unless plaintiff files a second

amended complaint within twenty days which permits the court to conclude that she has stated a viable claim for relief.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2012 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge