IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

NATALIA MORENO-WOODS,

        Plaintiff,
vs.                               **Case No. 11-1314-RDR**

T-MOBILE USA, INC.,

        Defendant.

## O R D E R

On March 14, 2012, in response to defendant's motion to dismiss under FED.R.CIV.P. 12(b)(6), this court issued an order stating that the court would dismiss plaintiff's <u>pro se</u> wrongful termination action unless, within 20 days, plaintiff filed a second amended complaint which permitted the court to conclude that she had stated a viable claim for relief. Doc. No. 33.

On March 21, 2012, plaintiff, along with Valencia Galvarez and Nina Oller, filed an "amended petition" on behalf of themselves "and others similarly situated" alleging wrongful termination by defendant. Doc. No. 36. The amended petition, which was docketed as an "amended complaint," states that:

> As in the case of Natalia Moreno-Woods, the additional two Plaintiffs were terminated without reason; leaving the Plaintiffs to surmise that they were fired simply because T-Mobile was at the time in negotiations to merge with AT&T and that they were also terminated due to race.
> . . . .
> Plaintiffs allege that T-Mobile has violated all three exceptions to the employment-at-will doctrine, and termination is a result of racial and medical bias and therefore seek financial remedy. Plaintiffs respectfully

> pray[] for class certification to be granted, judgment to be entered on the claims asserted that T-Mobile, Inc. terminated them without just cause, and all such further relief granted as may be appropriate under the circumstances, including an award of $150,000.00 to be divided among Plaintiffs and all costs and attorney fees.

Doc. No. 36 at pp. 1, 4. Aside from the above-quoted language, the amended petition contains a legal discussion regarding exceptions to the employment-at-will doctrine, including references to various cases, and a short description of the requirements for class actions under FED.R.CIV.P. 23.

The court shall dismiss the amended petition and direct that plaintiff Moreno-Woods' action be dismissed without prejudice for the following reasons. First, class action representatives may not appear pro se. Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a litigant may bring his own claims without counsel, but not the claims of others). So, the class action allegations may not go forward.

Second, plaintiff Moreno-Woods has not added any factual allegations in the amended petition to correct the deficiencies in her prior amended complaint which precluded her from pleading a plausible claim. In other words, the amended petition does not describe facts which establish that she has a plausible chance of proving that defendant breached an implied contract of employment. Indeed, plaintiff Moreno-Woods has cited fewer facts in her amended petition than in her previous petitions or complaints in this case. She has increased the amount of legal commentary in this version of

her complaint.  But, as this court stated previously, the court is not bound to accept the legal conclusions alleged in a complaint when the court is assessing a Rule 12(b)(6) motion.  Doc. No. 33 at p. 2.  The Supreme Court made this point in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court noted that while Rule 8 does not require "detailed factual allegations," it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A pleading that sets out "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.  Nor is it sufficient if it makes "naked assertion[s]" devoid of "further factual enhancement."  Id. (citing Twombly, 550 U.S. at 557).

Third, in the court's prior order, the court granted plaintiff Moreno-Woods leave to file an amended complaint which would properly state a claim for relief.  The court did not grant her leave to file an amended complaint which added new parties.  Plaintiff Moreno-Woods failed to ask for leave from the court to amend the complaint to add new parties as required by FED.R.CIV.P. 15(a).  See U.S. ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015, 1018 (10th Cir. 1994) (Rule 15(a) governs the addition of a party because it is actually a motion to amend).  So, the amended petition shall be considered an improper effort to add new parties to the case.

Finally, even if plaintiff Moreno-Woods had been granted leave to amend the complaint to add plaintiffs Oller and Galvarez, the new allegations do not allege facts which establish a plausible claim of wrongful termination.  The amended petition simply makes a bare allegation that plaintiffs were terminated without just cause and as a result of racial and medical bias.  There are no factual allegations to support these claims.  Therefore, the amended petition should not be permitted to go forward.  See <u>Schepp v. Fremont County</u>, 900 F.2d 1448, 1451 (10th Cir. 1991) (amendment to complaint should be denied as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim).

In conclusion, the court shall reject the amended petition as an improper effort to add parties and as failing to state a claim.  Plaintiffs Oller and Galvarez shall not be considered to have been added to this case.  This case is further ordered dismissed without prejudice as to plaintiff Moreno-Woods in accord with defendant's motion to dismiss (Doc. No. 30).

**IT IS SO ORDERED.**

Dated this 6th day of April, 2012 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge